# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:06-CR-74-T-27TGW

ERIKA HILL
_____/

## ORDER REVOKING AND REINSTATING SUPERVISED RELEASE

THIS CAUSE is before the Court on this 17th day of March, 2010, on a Petition to Revoke Supervised Release. The Defendant, ERIKA HILL, appeared with counsel, David Secular, AFPD; and Rachelle DesVaux-Bedke, AUSA, appeared for the United States of America.

At the hearing, the defendant voluntarily admitted allegations 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, and 12 of the Petition for Revocation of Supervised Release. The Government announces they are not going forward with evidence on allegation 6. Based on the defendant's admission to the allegations in the Petition for Revocation of Supervised Release, the Court finds that the defendant made a knowing and voluntary admission to allegations 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, and 12, and finds the defendant has violated the terms of the Order of Supervised Release.

It is, therefore, **ORDERED AND ADJUDGED**:

1. Allegation 6 of the Petition for Revocation of Supervised Release is DISMISSED.

2. The Order of Supervised Release entered herein as to the above named defendant is hereby REVOKED.

3. The defendant, ERIKA HILL, is hereby REINSTATED on Supervised Release on the same term and conditions as previously imposed.

4. The defendant shall participate in the Home Detention program for a period of   SIX (6) MONTHS  . During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which will include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant will bear the costs of services for such monitoring. The defendant has 30 days to comply with this condition and the Court will reserve jurisdiction to address this sanction again, if for some reason the defendant is unable to implement this condition.

5. The defendant shall participate, as directed by the Probation Officer, in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency. This program may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services.

6. The defendant shall pay the balance due of the special assessment previously ordered.

7. The defendant shall be gainfully employed.

8. The Court has zero tolerance for any positive drug test result. Probation is directed to file a petition for violation should the defendant test positive while on supervised release.

9. All other terms and conditions of the Judgment dated October 3, 2006 remain the same.

DONE AND ORDERED at Tampa, Florida this ___24th___ day of March, 2010.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

Copies:
-U.S. Attorney's Office